UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GROUP-A AUTOSPORTS, INC., )<br>)<br>    Plaintiff, )<br>  v. )<br>)<br>CRYSTAL BILLMAN, )<br>)<br>    Defendant. ) | CIVIL ACTION<br>NO. 14-10884-JGD |

## MEMORANDUM OF DECISION AND ORDER
## ON DEFENDANT'S MOTION TO TRANSFER

July 9, 2014

DEIN, U.S.M.J.

### I. INTRODUCTION

This action arises out of defendant Crystal Billman's ("Billman") alleged use of plaintiff Group-A Autosports, Inc.'s ("Group-A") trademarks without Group-A's permission. By it's complaint, Group-A has brought claims against Billman for counterfeit marks, in violation of 35 U.S.C. §1114(1)(a) (Count I), and for false designation of origin, in violation of 15 U.S.C. §1125(a) (Count II). Group-A is seeking injunctive relief and monetary damages.[1]

Billman is proceeding *pro se*. In response to the complaint, Billman filed a letter (Docket No. 9), and then a formal motion (Docket No. 13), requesting that the matter be transferred to the United States District Court in Elizabeth City, North Carolina, as she

---

[1] The parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.

resides in that state.[2] Group-A has treated the motion as one brought pursuant to 28 U.S.C. § 1404(a), and has opposed the motion on the grounds that the defendant "has not offered any evidence in support of her motion that overcomes the presumption accorded plaintiff's choice of forum, namely, Massachusetts." (Docket No. 14).

The complaint does not identify any contacts that the plaintiff may have with the Commonwealth of Massachusetts. Thus, it is alleged that Group-A is a California corporation with a principal place of business in that state. (Compl. ¶ 1). It is alleged generally, however, that it markets its products "throughout the United States thru its web site . . . , online stores, and brick and mortar speciality stores." (Compl. ¶ 13). Similarly, according to the complaint, the only place where Billman has a place of business is in Gates, North Carolina, although she does internet business throughout the United States. (Compl. ¶¶ 2, 4, 17). Billman has confirmed that the address in the complaint is her address. (Docket Nos. 9, 13).[3]

For all the reasons described below, this court finds that transfer is proper to the Eastern District of North Carolina and that the interests of convenience and fairness would best be served by transferring the action. Accordingly, Billman's motion to transfer (Docket No. 13) is ALLOWED.

---

[2] This courthouse is in the Eastern District of North Carolina. Gates, North Carolina, the address given for the defendant, is in that District as well. See 28 U.S.C. § 113(a) (describing the judicial districts of North Carolina).

[3] There is no dispute that 96 Hardy Askew Lane (Docket No. 13) and 96 Hardy Askew Road (Docket No. 1) is the same address.

-2-

## II. STATEMENT OF FACTS

For purposes of this motion, the court accepts the allegations of the complaint as true. The plaintiff, Group-A, is a California corporation having a principal place of business at 2050 5th Street, Norco, California 92860. (Compl. ¶ 1). Group-A is the sole owner of U.S. Reg. No. 3,049,785 for the mark SKUNK2 RACING and logo that was registered on January 24, 2006. (Compl. ¶ 6). Group-A is also the sole owner of U.S. Reg. No. 3,075,513 for the mark SKUNK2 RACING (stylized) that was registered on April 4, 2006. (Compl. ¶ 8). In addition, Group-A is the owner of all right, title, and interest in "Unregistered Marks," which include the highly distinctive marks SKUNK2, SKUNK2 RACING, and a Race Track Logo. (Compl. ¶ 10). Group-A has been using its registered and unregistered marks "in connection with design, development, marketing, and sale [of] aftermarket high performance automobile and automobile engine parts throughout the United States." (Id.).

Group-A "markets and sells its aftermarket automobile and automobile engine parts to consumers throughout the United States thru its web site (www.skunk2.com), online stores, and brick and mortar specialty stores." (Compl. ¶ 13). Group-A's SKUNK2 products are utilized by "top street cars" and race cars, including Group-A's own race vehicles. (Compl. ¶ 14). Group-A is also involved in various forms of motorsports through technical partnerships and sponsorships. (Id.). It claims that it has invested millions of dollars in the advertising of the registered and unregistered marks. (Compl. ¶ 15).

Defendant Crystal Billman is an individual having a principal place of business at 96 Hardy Askew Road, Gates, North Carolina 27937. (Compl. ¶ 2). Billman lists this as her personal address as well. (Docket No. 13). At the time the complaint was filed, Billman allegedly had "an online store on E-Bay offering for sale counterfeit automobile and automobile engine parts and packaging using and displaying" Group-A's registered and unregistered marks. (Compl. ¶ 17). Group-A did not give Billman permission to use the registered and unregistered marks in connection with the marketing and/or sale of any product. (Compl. ¶¶ 20, 29). Group-A alleges that Billman had actual knowledge of its registered and unregistered marks prior to marketing and selling the counterfeit products. (Compl. ¶¶ 23, 32).

Additional factual details relevant to this court's analysis are set forth below where appropriate.

## III. ANALYSIS

Through her motion, Billman asks that the court transfer the action to the Eastern District of North Carolina. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "Accordingly, a court must determine first whether the case 'might have been brought' in the suggested transferee district and, if so, whether convenience and the interest of justice favor transfer." World Energy Alts., LLC v. Settlemyre Indus., Inc., 671 F. Supp. 2d 215, 217 (D. Mass. 2009). Implicit in Billman's motion to transfer is that she believes it is

-4-

more convenient to litigate in the Eastern District of North Carolina because that is where she resides. This court agrees for the reasons that follow.

## A. Standard of Review

"'Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988)) (additional quotations and citation omitted). "[T]he statute's purpose is 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expenses.'" World Energy Alts., LLC., 671 F. Supp. 2d at 217 (quoting Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). "A number of factors have developed to measure the convenience of litigating in a particular court including 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (citation omitted).

There is a "strong presumption" in favor of the plaintiff's choice of forum, and "the burden of proof rest with the party seeking to transfer[.]" Astro-Med, Inc., 591 F.3d at 13 (additional quotations and citation omitted). "Because there is a presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the incon-

-5-

venience from one party to the other." Kleinerman, 107 F. Supp. 2d at 125. However, "where the operative facts of the case have no material connection" with the district in which the case has been filed, the "plaintiff's choice of forum carries less weight." United States ex rel. Ondis v. City of Woonsocket, R.I., 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citation omitted). Similarly, "the plaintiff's venue choice is to be given less weight if . . . the plaintiff is a nonresident of the chosen forum[.]" Id. (citation omitted).

Applying these principles to the instant case compels the conclusion that this matter should be transferred to the Eastern District of North Carolina.

### B. Ability to Maintain Suit in North Carolina

28 U.S.C. §1391 provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). Since both Billman and Group-A assert that Billman's address is in Gates, North Carolina, venue is proper in the Eastern District of North Carolina. See Wiley v. Gerber Prods. Co., 667 F. Supp. 2d 171, 172-73 (D. Mass. 2009) ("venue is proper wherever any defendant resides.").

### C. Consideration of Relevant Factors

Having concluded that the Eastern District of North Carolina is a "district or division where [the suit] might have been brought," this court must now determine whether the convenience of the parties and witnesses, the availability of documents, and the interests of justice, favor a change of venue. For the reasons that follow, this court finds that consideration of the relevant factors compels the conclusion that the motion to transfer venue must be allowed.

As an initial matter, this court notes that the defendant has not submitted any facts or legal support for her motion, other than the fact that she resides in North Carolina. Under the circumstances presented in this case, and in light of the fact that the defendant is proceeding *pro se,* this court will not require any additional information. The plaintiff had the opportunity to respond to the motion to transfer, and elected to do so by simply asserting that the defendant had not put forth evidence to overcome the presumption in favor of the plaintiff's choice of forum. Significantly, however, Group-A has not presented any facts indicating that it has any ties to the Commonwealth of Massachusetts. Group-A does not seem to have any "brick and mortar" stores in Massachusetts and has not alleged any contact with this State, other than the fact that Massachusetts residents may have purchased goods from both parties over the internet.[4] Therefore, its selection of Massachusetts as a forum in which to bring suit is not compelling. Similarly, with respect to the defendant, Group A has not asserted that Billman has any contacts with Massachu-

---

[4] This court will assume, but is not convinced, that these contacts would be sufficient for this court to exercise personal jurisdiction over the defendant.

setts, or that she conducts business out of any location other than in North Carolina. Given the straightforward nature of the claims at issue and the simplicity of the jurisdictional record, this court finds that the defendant has met her burden.

## Plaintiff's Choice of Forum and Connection Between the Forum and the Litigation

Plaintiff's choice of forum is strongly favored and defendant bears the burden of proof in a motion to transfer. In particular, "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S. Ct. 252, 266, 70 L. Ed. 2d 419 (1981). However, "[w]hen the plaintiff is foreign, [ ], this assumption is much less reasonable" and "deserves less deference." Id. at 256, 102 S. Ct. at 266. Furthermore, plaintiff's choice of forum "carries less weight" when "the operative facts of the case have no material connection with this district[.]" United States ex rel. Ondis, 480 F. Supp. 2d at 436 (quoting Goodman v. Schmalz, 80 F.R.D. 296, 302 (E.D.N.Y. 1978)). Finally, "'[w]here it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight [whatsoever], and the transfer of venue is appropriate.'" EasyWeb Innovations, LLC. v. Facebook, Inc., 888 F. Supp. 2d 342, 349 (E.D.NY. 2012) (quoting Pierce v. Coughlin, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) (additional citations omitted)).

In the instant case, there is no apparent connection between the parties and the Commonwealth of Massachusetts. To the extent that the defendant misused the plaintiff's

-8-

Registered and Unregistered Marks, the allegedly wrongful conduct would have been initiated in North Carolina, where Billman lives and does business. Similarly, the information relevant to the plaintiff's claims would most likely be located at its headquarters in California – there is no indication that it would be located in Massachusetts where Group-A does not have a corporate presence. Under these circumstances, the plaintiff's choice of forum is entitled to virtually no weight, if any.

### Consideration of Other Factors

All of the other relevant factors are either neutral or weigh in favor of the transfer of this action. For example, Billman is undoubtedly a key witness as she is the one engaged in the allegedly wrongful conduct. Since Billman, and presumably her records, are located in North Carolina, transfer there is appropriate. See Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) ("the convenience of expected witnesses is probably the most important factor, and the factor most frequently mentioned.") (internal quotation and citation omitted). There is no countervailing factor supporting this court's retention of jurisdiction. While Group-A's witnesses and documents may not be located in North Carolina, they are not located in Massachusetts either.

In addition, there is no evidence that it would be more difficult for Group-A to prosecute the case in North Carolina as opposed to Massachusetts. In any event, to the extent that there is a financial burden in prosecuting a case in a foreign jurisdiction, "the cost of litigation should be borne by the party in the best position to absorb and spread it."

Kleinerman, 107 F. Supp. 2d at 125.  In this case, the burden is appropriately placed on the corporate defendant as opposed to the individual plaintiff.  See id. (transfer denied where corporate defendant could absorb the cost of litigating outside its domicile, and it would be cost prohibitive to individual plaintiff to transfer case and thereby "deny[ ] him his right to pursue a judicial remedy.").

Finally, since federal law applies to this action, this factor is irrelevant in determining the appropriate venue, and the case does not appear to involve any compelling "state or public interest" relevant to the venue issue.  Id.  To the extent any state has an interest in adjudicating this case, it would be North Carolina since the alleged counterfeiting took place there, and the case involves a resident of that state.  Therefore, these factors are either neutral or support a transfer to the Eastern District of North Carolina.

This court is mindful that requiring proper venue "serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred."  VE Holding Corp. v. Johnson Gas Application Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990).  If the case were to remain in Massachusetts, the defendant would be unduly burdened.  Therefore, and for all the reasons detailed herein, transfer is appropriate.

## IV.  CONCLUSION

For all the reasons described herein, this court finds that venue is proper in the Eastern District of North Carolina and that the interests of convenience and fairness favor

the transfer to that District.  Accordingly, Billman's "Motion to Transfer" pursuant to 28 U.S.C § 1404(a) (Docket No. 13) is ALLOWED.

          / s / Judith Gail Dein
          Judith Gail Dein
          U.S. Magistrate Judge